UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MARGERUM, individually, and on behalf all other similarly situated consumers, | ) ) ) | Case No.: |
| | ) | |
| Plaintiff, | ) ) | COMPLAINT -- |
| vs. | ) | CLASS ACTION |
| | ) | |
| MIDLAND CREDIT MANAGEMENT INC.; MIDLAND FUNDING LLC., | ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff, William Margerum (hereinafter "Plaintiff"), individually, and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. ("MCM") and Midland Funding LLC, as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.    Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.    Plaintiff is a natural person, who at all relevant times has resided in Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant Midland Credit Management, Inc. ("MCM") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

6.      Defendant Midland Funding LLC is a corporation that regularly does business in the Commonwealth of Pennsylvania with its principal place of business located at 2365 Northside Dr., Suite 300, San Diego, California 92108, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes. Midland Funding LLC's principal purpose is the collection of debts.

## FACTUAL STATEMENT

7.      On or about March 7, 2018, Defendant MCM sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $672.35, for a personal credit card bill from Comenity Bank/Victoria Secret.

8.      Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

9.      Exhibit A is false, deceptive, and misleading given Defendant's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

10.     The collection letter states the following:

Congratulations! You have been **pre-approved** for a *discount program* designed to save you money. Act now to maximize your savings and put this debt behind you by calling (877) 231-8886.

11.     Below this, Defendant MCM provides Plaintiff with three options within its discount program:

  a.   Option 1

    i.   40% off

  b.   Option 2

    i.   20% off

  c.   Option 3

    i.   Monthly payments as low as $50 a month

12.     The above language provided by MCM concerning Option 3 is ambiguous as to whether this is a third settlement option or a path to full payment. Option 3 on its own appears to be a path to full payment, but after reading the statement that all three are part of the discount program, the consumer would reasonably believe that the item is a discount.

13.     This ambiguity is material because it directly affects the consumer's choice to pay the debt.

14.     Upon information and belief, Defendant Midland Funding LLC is the parent company of MCM and is also a debt collector, therefore Midland Funding LLC is vicariously liable for MCM's letter.

## CLASS ACTION ALLEGATIONS

### The Class

15.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16.     Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received the same form letter as Exhibit A from Defendant MCM concerning debts for Comenity Bank/Victoria Secret used**

**primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

17.    Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

<u>**Numerosity**</u>

18.    Upon information and belief, Defendants have sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19.    The letters sent by the Defendant MCM, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

<u>**Common Questions of Law and Fact**</u>

21.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant MCM; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant MCM's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

22.    The Plaintiff's claims are typical of the claims of the  class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out  of  the Defendants' common  uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

23.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24.    Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

25.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in  that  the  questions of  law  and  fact  common to  members of  the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31.    Absent a class action, the Class members will continue to suffer losses borne from the Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

32.    Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33.    Defendant MCM's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

34.    Section 1692e provides:

> ### § 1692e. False or misleading representations
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

35.    Defendant Midland Funding LLC is vicariously liable for Defendant MCM's conduct.

WHEREFORE, Plaintiff, William Margerum, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B.  Enter judgment against Defendants for statutory damages pursuant to the FDCPA;

    C.  Enter judgment for injunctive relief stopping Defendants from using letters similar to Exhibit A;

    D.  Award costs and reasonable attorneys' fees;

    E.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36.    Plaintiff demands a jury trial on all issues so triable.

Dated this 13th of November, 2018.

                    Respectfully Submitted,

                    Nicholas Linker, Esq.
                    **Zemel Law LLC**
                    1373 Broad St., Suite 203-C
                    Clifton, NJ 07013
                    (P) (862) 227-3106
                    nl@zemellawllc.com
                    *Attorney for Plaintiff*



**mcm** Midland Credit Management, Inc. Suite 300
San Diego, CA 92108

03-07-2018

William Margerum          P12T317 001

███████████████████████████

||·|·||·|·|··|··||··||·|||||·||·|·|·||·|·|||·||·|·||·||·

| Original Creditor | |
|---|---|
| | Comenity Bank |
| **Original Account Number** | |
| | 0186 |
| **MCM Account Number** | |
| | 0231 |
| **Current Balance** | |
| | $672.35 |
| **Current Owner** | |
| | Midland Funding LLC |

You are pre-approved for a 40% discount!
Call (877) 231-8886

### Choose The Option That Works For You.

RE Comenity Bank    Victorias Secret

Dear William,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (877) 231-8886. Pay online today at www.midlandcreditonline.com.

**Option 1: 40% OFF**
Payment Due Date: 04-06-2018          You Pay Only
                                                                $403.41

**Option 2: 20% OFF**
First Payment Due Date: 04-06-2018    6 Monthly Payments of Only
                                                                $89.65

**Option 3: Monthly Payments As Low As:**
† Call today to discuss your options and get more details.    $50 per month†

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

### Benefits of Paying!

➢ Save up to $268.94

➢ Offer Expiration date:
  04-06-2018

**CALL US TODAY!**
(877) 231-8886